IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARBY FINANCIAL PRODUCTS, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | NO. 3:17-cv-0737 |
| | ) | JUDGE TRAUGER |
| ANIMAL CRACKERS MOVIE | ) | |
| LTD. and SCOTT SAVA, | ) | |
| | ) | |
| Defendants | ) | |

## **MEMORANDUM**

Pending before the court is Defendants' Motion to Dismiss (Docket No. 19), to which Plaintiff has filed a Response (Docket No. 22). For the reasons stated herein, Defendants' Motion will be denied.

### INTRODUCTION

This breach of contract action arises from a document called "Partially Binding Term Sheet," dated July 15, 2016 (Docket No. 19-1), executed by Plaintiff as "Financier" and Defendant Animal Crackers Movie Ltd as "Borrower."[1] The purpose of the Term Sheet was for Plaintiff to provide more than $6 million in funding for Defendants to develop a full-length, animated motion picture titled "Animal Crackers." Ultimately, Plaintiff did not provide any financing for "Animal Crackers." Plaintiff contends that Defendants breached the Term Sheet by failing to pay a "break-up fee" or liquidated damages in accordance with the provision obligating Defendants to pay Plaintiff $100,000, plus 2.5% of the net proceeds from the movie.

---

[1] The Complaint identifies Defendant Scott Sava as a shareholder and director of Animal Crackers Movie Ltd. (Docket No. 1 at 2).

In its Complaint, Plaintiff alleges that Defendants breached the Term Sheet by (1) precluding Plaintiff from obtaining a valid, perfected first lien position in all assets of the Borrower; (2) failing to enter into a final loan agreement or an acceptable distribution contract; and (3) failing to satisfy all other conditions precedent. (Docket No. 1). In response to Defendants' Motion, however, Plaintiff has represented that Defendants are being sued only for breaching their obligation to pay liquidated damages in accordance with Section 14 of the Term Sheet.[2]

Defendants have filed a Motion to Dismiss, arguing that the parties did not intend to be bound by the Term Sheet and that it is not an enforceable contract. Defendants contend that the conditions precedent giving rise to Plaintiff's alleged claims were never binding on Defendants. Thus, Defendants urge, Plaintiff is unable to show an obligation imposed by the Term Sheet which Defendants failed to satisfy.

## THE PARTIALLY BINDING TERM SHEET

The Term Sheet specifically states that it "does not constitute a commitment or a contract of any kind, except to the extent explicitly stated herein to be binding on the parties." (Docket No. 19-1 at 1). Section 20 of the Term Sheet states: "Notwithstanding the fact that certain portions of this Partially Binding Term Sheet are intended by the parties to be non-binding, by execution of a copy of this Partially Binding Term Sheet, the parties agree than Sections 14, 15, 16, 17, 18, 19 and 20 of this Partially Binding Term Sheet shall be binding obligations of the parties." *Id*. at 6.

Section 14 of the Term Sheet provides for "break-up fees" and states:

---

[2] Plaintiff asserts that "twisting the allegations of the Complaint to pretend" that they are being sued "for failing to satisfy the conditions precedent" is a "total mischaracterization" of Plaintiff's cause of action. (Docket No. 22 at 9).

Borrower agrees to the extent definitive loan documents have not been entered into and the conditions precedent to Financier's and Borrower's obligations set forth therein have not been satisfied by August 7, 2016, in consideration of the time spent and expenses incurred in the evaluation of the Picture and the Loan and for other good and valuable consideration received by Borrower, to pay:

(a) a break-up fee to Financier in the amount of $100,000 (the "Break-Up Fee"), which amount shall be deemed fully earned when paid and, if applicable, shall be due and payable on August 7, 2016 (the "Break-Up Fee Payment Date"). The Break-Up Fee is intended to represent estimated actual expenses and damages, and is not intended as a penalty; and

(c) [sic] 2.5% of 100% of the Net Proceeds of the Picture, with the understanding that such amount shall be payable to Financier under the terms of the CAMA[3] and reduce Scott Christian Sava's 18% of 100% share of such Net Proceeds to 15.5% of 100%.

Notwithstanding the above, Borrower shall not be obligated to pay any such fees or amounts to the extent the failure to execute definitive loan documents by August 7, 2016 is the direct result of either (i) a failure by Financier to negotiate such documents in good faith, or (ii) failure by Financier to proceed with the funding of the Loan in good faith.[4]

(Docket No. 19-1 at 5).

The Term Sheet's Indemnification provision (Section 15) provides that Borrower shall indemnify Financier from any losses or damages resulting from Borrower's breach of the Term Sheet and shall pay Financier's reasonable attorneys' fees and costs. (Docket No. 19-1 at 5).

The Term Sheet provides that it will be governed by the laws of the State of Delaware. (Docket No. 19-1 at 6).

---

[3] CAMA is defined in the Term Sheet as a "collection account management agreement." (Docket No. 19-1 at 2).

[4] There is no allegation that Plaintiff failed to negotiate or proceed in good faith.

3

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

DISCUSSION

To establish a breach of contract under Delaware law, a plaintiff must prove by a preponderance of the evidence: (1) the existence of the contract, (2) breach of an obligation imposed by that contract, and (3) resulting damages to the plaintiff. *Air Products and Chemicals, Inc. v. Wiesemann*, 2017 WL 750694 at * 16 (D. Del. Feb. 27, 2017) (citing *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003)). To determine whether a binding contract exists, courts in Delaware look for "objective, contemporaneous evidence" indicating that the parties have reached an agreement, whether that be in the parties' spoken words or writings. *Black Horse Capital, LP v. Xstelos Holdings, Inc.*, 2014 WL 5025926 at * 12 (Del. Ch. Sept. 30, 2014).

As indicated above, Plaintiff's breach of contract claim is based solely on Defendants' failure to pay liquidated damages, the "break-up fee" found in Section 14 of the Term Sheet. Section 14, by virtue of the parties' agreement in Section 20, is a binding provision of the Term Sheet. The court

finds that Section 20 is "objective, contemporaneous evidence" that the parties reached an agreement as to the binding nature of certain enumerated provisions of the Term Sheet.

Therefore, Defendants' obligation to pay liquidated damages arises from the language of Section 14, which states that liquidated damages are due if "definitive loan documents have not been entered into and the conditions precedent to Financier's and Borrower's obligations set forth therein have not been satisfied by August 7, 2016." It is undisputed that no definite loan documents were entered into before August 7, 2016, and the conditions precedent to Plaintiff's and Defendants' obligations were not satisfied by August 7, 2016. Whether the parties breached other, non-binding provisions of the Term Sheet is not relevant to whether this liquidated damages provision, which is expressly binding on the parties, has been triggered.[5] Thus, any argument that Plaintiff breached the Term Sheet by failing to meet conditions precedent that were not binding on the parties is not persuasive.

Plaintiff has sufficiently alleged the existence of a contract with certain enforceable provisions, has alleged a breach of the binding liquidated damages provision of that contract, and has alleged damages as a result of Defendants' alleged breach. Plaintiff's Complaint sets forth a claim for which relief may be granted against Defendant Animal Crackers Movie Ltd., and Defendants' Motion to Dismiss as to Animal Crackers Movie Ltd. will be denied.

Defendants also argue that this action against Defendant Sava, individually, should be dismissed. Defendant Sava signed the Term Sheet both for Animal Crackers Movie Ltd. and individually. (Docket No. 19-1 at 7). His signature as an individual specifically states that he agrees

---

[5] The Complaint also adequately sets forth a claim for which relief may be granted as to the Indemnification Provision in Section 15.

to Section 14 and Section 20. *Id*. Accepting the allegations of the Complaint as true, Plaintiff has set forth a plausible claim against Defendant Sava, and the Motion to Dismiss as to Defendant Sava will also be denied.

IT IS SO **ORDERED**.

ENTER this 11th day of July 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE